LAVERTY *et al.* v. CLAUSEN.[1]

*(District Court, S. D. New York.   November 26, 1889.)*

</div>

SHIPPING—LIMITATION OF LIABILITY ACTS—CONTRACT TO INSURE—ACT JUNE 26, 1884.
   Where a carrier contracts to insure cargo, and fails to do so, and the cargo is lost by the sinking of the vessel, the carrier cannot limit his liability to the value of the vessel. The limitation of liability acts do not affect the liability of vessel owners upon their direct personal contracts outside of the ordinary business of the vessel.

In Admiralty.
Action for the value of a cargo of tin lost on respondent's lighter.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

*Hyland & Zabriskie*, for libelant.
*E. G. Davis*, for respondent.

BROWN, J.   Taking all the testimony together, respondent's as well as libelant's, I am satisfied that the understanding upon which the tin was shipped upon the respondent's lighter was that it should be insured by the respondent.   Whether a common carrier or not, he is here practically in the same situation.   For the injury and loss of the tin by the subsequent sinking of the lighter the respondent is therefore answerable.

The amended answer claims a limitation of his liability to the value of the vessel, under the acts of 1851, (Rev. St. § 4283,) and of June 26, 1884, (23 St. at Large, p. 57, § 18.)   In previous cases I have expressed the opinion that the act of 1884 does not limit the liability of the owners of vessels upon their direct personal contracts outside of the ordinary business of the vessel, but only the liability cast upon them by law, by reason of their ownership of the vessel, through the contracts or torts of the master or others engaged in her navigation.   *The Amos D. Carver*, 35 Fed. Rep. 669; *Force* v. *Insurance Co.*, Id. 778; *Miller* v. *O'Brien*, Id. 783.

The contract in the present case was the personal contract of the respondent; and, following the view previously expressed, I must hold him not entitled to the limitation of liability as claimed, and order judgment for the libelant for $2,100, the amount proved, with interest and costs.